## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

DEAN TOSI,                              )
                                       )
                    Petitioner,        )
                                       )          2:16-cv-05-GZS
v.                                     )   Docket no. 2:12-cr-100-GZS
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )
                                       )

## ORDER ON MOTION UNDER 28 U.S.C. § 2255

Before the Court is Tosi's Motion under 28 U.S.C. § 2255(f)(3), which was filed pro se on January 5, 2016 (ECF No. 60).  The Government filed its initial Response opposing the Motion (ECF No. 66) on May 11, 2016.  Thereafter, the Government moved to stay the Court's consideration of the petition citing the Supreme Court's grant of a writ of certiorari in Beckles v. United States, No. 15-8544.  The Court initially granted the Government's Motion to Stay.  (See Order on Motion to Stay (ECF No. 73).)  However, Tosi, through his appointed counsel, thereafter indicated that he opposed a "Beckles stay" because he has a current release date of January 13, 2017 and it is unlikely that his pending petition would be decided before that date if the case remained stayed until the Supreme Court issues its decision in Beckles.  (See Tosi's Status Report (ECF No. 75).)  As a result, the Court lifted the stay in this case on August 11, 2016.  Tosi then filed his Reply (ECF No. 78) as well as a copy of the Petitioner's Brief in Beckles (ECF No. 79).[1] Having fully considered the written submissions by both sides, the Court DENIES the Petition.

---

[1] In his Reply (ECF No. 78), Tosi indicates that he withdraws his ineffective assistance claim and his claim for a two-point reduction under Guideline Amendment 782.  See Reply at 2.  Nonetheless, the Court notes that it agrees with the Government that a claim for ineffective assistance of counsel as a result of the failure to file a direct appeal would

At his sentencing on February 6, 2013, Tosi was sentenced for one count of violating 21 U.S.C. § 841(a)(1) & (b)(1)(C), which carries a statutory maximum term of imprisonment of twenty years. With respect to his guideline range, Tosi was determined to have a total offense level of 29 and a criminal history category of VI, resulting in a guideline range of 151 to 188 months. This guideline range in large part reflected Tosi's designation as a career offender pursuant to United States Sentencing Guideline (USSG) § 4B1.1(b)(3).[2] This designation was based upon two prior convictions for eluding an officer in violation of 29-A M.R.S.A. § 2414(3).[3] (See PSR ¶¶ 29 & 39.) Absent the career offender designation, Tosi's guideline range would have been 30 to 37 months, a fact that was recognized at the time of sentencing. Despite his much higher advisory guideline range, the Court ultimately sentenced Tosi to 60 months, a variant sentence based on the Court's consideration of the factors required under 18 U.S.C. § 3553(a). No appeal was filed. Via the pending habeas petition, Tosi now seeks resentencing to a "time served" sentence, which would still be above the 37-month high end of the advisory guideline range that he would face without a career offender adjudication.

The Government opposes Tosi's Petition taking the position that Johnson v. United States, 135 S. Ct. 2551 (2015) is not retroactively applicable to cases that do not involve the Armed Career Criminal Act (ACCA) and in which the residual clause was used only in connection with calculating an advisory guideline range. Nonetheless, the Government does acknowledge that

---

be time barred in Tosi's case. See 28 U.S.C. § 2255(f)(1). In short, what remains for this Court to decide is simply whether Tosi is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016).

[2] As noted in the presentence report ("PSR"), the 2012 Guidelines Manual was used to calculate Tosi's guideline range. See PSR ¶ 9.

[3] "A person commits a Class C crime if that person, after being requested or signaled to stop, attempts to elude a law enforcement officer by operating a motor vehicle at a reckless rate of speed that results in a high-speed chase between the operator's motor vehicle and a law enforcement vehicle using a blue light and siren." 29-A M.R.S.A. § 2414(3).

following <u>Johnson</u> "convictions for eluding a police officer would no longer qualify as a 'crime of violence' because they do not fall within the 'elements' clause, are not enumerated offenses, and could amount to predicates only under the now-invalidated 'residual clause.'" (Gov't Response (ECF No. 66) at 12.) While the Government makes this concession "if Tosi had been sentenced under ACCA," in the Court's view, the concession equally applies Tosi's career offender designation. (<u>Id.</u>) Quite simply, Tosi would not be designated as a career offender under the Guidelines as they exist today.[4]

Notably, even if Tosi's case were on direct appeal in the First Circuit, it appears the Government would take the position that he could not be adjudicated a career offender since it has made such a concession in multiple other direct appeals involving the now-defunct residual clause found in § 4B1.2(a).[5]   <u>See, e.g.</u>, <u>United States v. Fields</u>, 823 F.3d 20, 33 (1st Cir. 2016) (noting that both parties agree that "in light of <u>Johnson</u> . . . the residual clause of the career offender guideline is unconstitutional and may not be relied upon"); <u>United States v. Hudson</u>, 823 F.3d 11, 18 & n.9 (1st Cir. 2016); <u>United States v. Soto-Rivera</u>, 811 F.3d 53, 58 & 62 n.12 (1st Cir. 2016) ("[F]or purposes of this appeal, the government concedes that it violates due process to utilize the Guidelines's residual clause to classify a defendant as a Career Offender and thereby impose a longer sentence."); <u>United States v. Castro-Vazquez</u>, 802 F.3d 28, 38-39 (1st Cir. 2015) (noting that the government has disclaimed reliance on the career offender guideline on appeal). Absent

---

[4] As a result of Amendment 798 (effective August 1, 2016), the Guideline definition of "crime of violence" no longer includes a residual clause and instead includes a "force clause" and a more detailed enumerated clause. <u>See</u> USSG § 4B1.2(a) & 81 Fed. Reg. 4741-02 (Jan. 27, 2016).

[5] The Government draws the Court's attention to the pending collateral review case of <u>Alphonso Johnson v. United States</u>, 1st Cir. No. 16-1209, as a case in which it has not made a <u>Johnson</u> concession. Having reviewed the docket filings in that case, the Court notes that <u>Alphonso Johnson</u> apparently involved a successive petition under 28 U.S.C. § 2255(h)(2). As a result, it may be subject to a different standard of review than Tosi's initial petition under 28 U.S.C. § 2255(f)(3). <u>See</u> <u>Butterworth v. United States</u>, 775 F.3d 459, 464 (1st Cir. 2015) (describing the difference between initial petitions under § 2255(f)(3) and successive petitions under § 2255(h)(2)).

a Government concession, the "growing consensus among the circuits" is that <u>Johnson</u> dictates a holding "that the residual clause in § 4B1.2(a)(1) is unconstitutionally vague." <u>United States v. Hurlburt</u>, --- F.3d ----, No. 14-3611, 2016 WL 4506717, at *7 (7th Cir. Aug. 29, 2016) (collecting cases). In light of this growing consensus and the Government's repeated concessions, the Court assumes without deciding that, given the opportunity to address the question, the First Circuit would reach the same conclusion that the <u>en banc</u> Seventh Circuit reached in <u>Hurlburt</u>. <u>But see</u> <u>United States v. Matchett</u>, 802 F. 3d 1185, 1194-94 (11th Cir. 2015).[6]

Nonetheless, Tosi's sentence became final back in 2013 and he did not file any direct appeal.[7] "Finality 'is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect.'" <u>Spencer v. United States</u>, 773 F.3d 1132, 1144 (11th Cir. 2014), <u>cert. denied</u>, 135 S. Ct. 2836 (2015) (quoting <u>Teague v. Lane</u>, 489 U.S. 288, 309 (1989)). In order to grant Tosi the relief he seeks, the Court must conclude that he fits within an exception to the general rule of finality by finding that the substantive rule announced in <u>Johnson</u> applies retroactively to career offender adjudications on collateral review. This retroactivity question is a "taller hurdle" for Tosi. <u>Butterworth v. United States</u>, 775 F.3d 459, 465 (1st Cir.), <u>cert. denied</u>, 135 S. Ct. 1517 (2015).

Tosi understandably points to <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016) as supporting the requisite finding for retroactive application. In <u>Welch</u>, the Supreme Court declared <u>Johnson</u> was applicable to cases on collateral review by declaring that <u>Johnson</u> announced a substantive

---

[6] Implicit in this assumption is that the Supreme Court will explicitly extend <u>Johnson</u>'s ACCA holding to § 4B1.2(a) when it decides <u>Beckles</u>.

[7] The Government argues that the absence of any direct appeal would allow for the dismissal of Tosi's Petition as "procedurally defaulted." Gov't Response at 10. The Court proceeds with its review of Tosi's <u>Johnson/Welch</u> claim on the assumption that it is a cognizable and timely constitutional claim. However, the Court also notes that in the absence of a constitutional error and the related overturning of precedents that were applicable in 2013, Tosi's claim could be deemed procedurally defaulted. <u>See</u> <u>Damon v. United States</u>, 732 F.3d 1, 3 (1st Cir. 2013).

rule that "changed the substantive reach of the Armed Career Criminal Act," a federal statute that carries a fifteen-year mandatory minimum.  <u>Welch</u>, 136 S. Ct. at 1265.  In the Court's view, to the extent that <u>Johnson</u> is determined to similarly have changed the reach of the Guidelines' career offender designation, such a change does not fall squarely within the substantive rule exception.  Given the advisory nature of the Guidelines, application of <u>Johnson</u> to limit the reach of the career offender designation still leaves a sentencing court with the same person engaged in the same conduct with the same criminal history subject to the same range of sentences.  <u>Cf.</u> <u>Welch</u>, 136 S. Ct. at 1265 ("Before <u>Johnson</u>, [ACCA] applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson,* the same person engaging in the same conduct is no longer subject to [ACCA] and faces at most 10 years in prison.")

A review of the existing First Circuit precedent likewise lends no support for the retroactive application of guideline-related holdings to § 2255 cases.  Quite simply, the "the law of the circuit" does not allow this Court to provide Tosi the "immediate release" habeas relief he seeks via the pending petition.[8]

First and most recent is the First Circuit's decision in <u>Cuevas v. United States</u>, 778 F.3d 267 (1st Cir. 2015).  In <u>Cuevas</u>, the First Circuit allowed a collateral attack on a sentence after the underlying state convictions were vacated due to reliance on potentially falsified evidence.  <u>See</u> <u>id.</u> at 271-72.  The First Circuit explained that the two vacated state convictions had served as the

---

[8] Under "the law of the circuit" doctrine, prior decisions from the First Circuit are "inviolate absent either the occurrence of a controlling intervening event (e.g., a Supreme Court opinion on the point; a ruling of the circuit, sitting en banc; or a statutory overruling) or, in extremely rare circumstances, where non-controlling but persuasive case law suggests such a course."  <u>See</u> <u>United States v. Chhien</u>, 266 F.3d 1, 11 (1st Cir. 2001) (citing <u>Williams v. Ashland Eng'g Co.</u>, 45 F.3d 588, 592 (1st Cir.1995)).

basis for the Government to file an Information to Establish a Prior Conviction, had added two criminal history points to Cuevas's guideline calculation, and also had triggered a mandatory minimum term of supervised release of six years. See id. at 269. Ultimately, at sentencing, Cuevas had a guideline range of 77 to 96 months and received a sentence of 84 months. Id. at 268. Absent the vacated state convictions, his guideline range would be reduced to 63 to 78 months. Id. at 269. In announcing its "narrow" holding that allowed Cuevas to pursue resentencing under § 2255, the First Circuit discussed and distinguished the en banc decision of the Eleventh Circuit in Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014). See id. at 271-72. In Spencer, the Eleventh Circuit held that § 2255 relief could not be sought based on a "Guidelines misapplication claim" when a defendant had received an otherwise "lawful" sentence that did not exceed the statutory maximum. Cuevas, 778 F.3d at 271; Spencer, 773 F.3d at 1135, 1144. ("Spencer cannot collaterally attack his sentence based on a misapplication of the advisory guidelines.") Specifically, the Petitioner in Spencer asserted that he could not be adjudicated a career offender under the holding of Begay v. United States, 553 U.S. 137 (2008), a decision announced two weeks after Spencer's conviction had become final. See Spencer, 773 F.3d at 1136. In Cuevas, the First Circuit could have disagreed with Spencer and recognized the ability to collaterally attack sentences based on a misapplication of the Guidelines. Instead, the First Circuit explained:

> [W]e find that the facts in Cuevas's case—namely, the vacatur of his state convictions in light of Annie Dookhan's involvement in those cases—are sufficiently exceptional such that his claim is cognizable under § 2255. Our holding is narrow. We need not and do not address the cognizability of a claim, like the one at issue in Spencer, that the sentencing court legally erred in applying the Guidelines.

Cuevas, 778 F.3d at 272. In reaching this holding, the First Circuit explicitly noted that "Cuevas's claim is not a 'freestanding guidelines claim.'" Id. at 275 n.6.

6

Likewise, the First Circuit rejected an argument for retroactive application on collateral review in Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005).  In Cirilo-Munoz, the First Circuit refused to predict that the Supreme Court would allow for the retroactive application of its decision in Blakely v. Washington, 542 U.S. 296 (2004).  See 404 F.3d at 532-33.  In explaining its refusal, the First Circuit noted:

> Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987. This would comprise tens of thousands of sentences imposed under a regime whose lawfulness was assumed during most of this period. If such a vast reopening of final judgments is required, it must await a decision of the Supreme Court.

Cirilo-Munoz, 404 F.3d at 533.  While a re-opening of every career offender adjudication may amount to a smaller subset of already final sentences, this Court cannot simply disregard the retroactivity analysis laid out in Cirilo-Munoz, which reflects the First Circuit's inclination to await a pronouncement by the Supreme Court before undertaking "a vast reopening of final judgments."  Id.

The First Circuit has reaffirmed this analysis in Butterworth v. United States, 775 F.3d 459, 465 (1st Cir.), cert. denied, 135 S. Ct. 1517 (2015).  In Butterworth, the First Circuit declined to retroactively apply the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), which required jury findings to trigger mandatory minimums.  Citing its earlier decision in Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003), which found the Apprendi rule non-retroactive, the Butterworth panel explained:

> Teague generally bars retroactive application of new rules of criminal law, but admits of two exceptions. . . . The first allows retroactive application of new rules that either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants.

775 F.3d at 459.  The First Circuit then concluded that "the rule of <u>Alleyne</u> . . . requiring juries to find drug quantities leading to higher mandatory minimums beyond a reasonable doubt neither places any particular type of conduct beyond the reach of the criminal law nor pretermits any particular type of punishment for a specific class of defendants."  <u>Id.</u> at 465-66 (internal quotation omitted).  Similarly, the application of the <u>Johnson</u> rule to the career offender guideline neither prohibits criminal punishment for certain types of conduct, nor forbids the imposition of certain categories of punishment.  In this respect, applying <u>Johnson</u> to the Guidelines is fundamentally different from its application to ACCA.

In short, with the backdrop of <u>Butterworth</u> and <u>Cuevas</u> as recent pronouncements of the law of this circuit, the Court cannot say that existing First Circuit precedent supports Tosi's collateral attack on his otherwise final and lawful sentence based upon the Court's application of the unconstitutionally vague residual clause to determine the advisory guideline range.  Likewise, it is not apparent to this Court that the Supreme Court's recent decision in <u>Welch</u> mandates the retroactive application of <u>Johnson</u> to the collateral review of career offender adjudications made under the advisory Guidelines.  The simple fact remains that even in the absence of the career offender designation this Court could sentence Tosi to sixty months imprisonment.

Even if the forthcoming Supreme Court decision in <u>Beckles</u> or an intervening decision by the First Circuit yields a holding that allows for habeas relief based on <u>Johnson</u>'s application to the career offender guideline, it remains to be seen what, if any, limits will be placed on requests for resentencing that arise from records such as the one before this Court.  Here, the record includes a variant, below-guideline sentence.  It also includes an explicit finding that the guideline range of 151 to 188 months was "too severe" an acknowledgment that the Court also considered the 30 to 37 month guideline range that Tosi would have had absent his career offender classification.  As a

result of weighing those two ranges and all of the factors required under 18 U.S.C. § 3553(a), the Court determined that it was appropriate to impose a sentence of 60 months, a sentence that falls well below the still-applicable statutory maximum.  Thus, in this case, the applicable Guideline range was a "starting point," quite frankly not an apparent "lodestar."  Molina-Martinez v. United States, 136 S. Ct. 1338, 1346 (2016).   Rather, the impact of the career offender residual clause on Tosi's sentence was mitigated in a way that this Court could not have mitigated a fifteen-year mandatory minimum triggered by ACCA's residual clause.  Under these facts, it is not apparent that the applicable precedent calls for habeas relief and resentencing, nor is it even apparent to this Court that the result of the resentencing would be a lower sentence for Tosi.

The Court readily acknowledges that "reasonable jurists could debate" (and are debating) whether the questions raised by Tosi's petition should be "resolved in a different manner."  Welch, 136 S. Ct. at 1263 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see, e.g., Stampley v. United States, No. 1:11-cr-10302-IT, 2016 WL 4727136 (D. Mass. Sept. 9, 2016) & United States v. Ramirez, No. 10-cr-10008-WGY, 2016 WL 3014646 (D. Mass. May 24, 2016) (both granting § 2255 petitions based on application of Johnson & Welch to a career offender adjudication).  Thus, in accordance with Rule 11 of the Rules Governing Section 2255 Cases, the Court hereby issues a certificate of appealability finding that Tosi's Petition raises a substantial showing of the denial of a constitutional right; namely, given the subsequent decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016) and the longstanding view that the residual clauses in ACCA and the career offender guidelines are subject to the same interpretation, Tosi arguably was unconstitutionally adjudicated a career offender pursuant to USSG §§ 4B1.1 & 4B1.2 at his 2013 sentencing.

For the reasons just explained, the Court hereby DENIES Tosi's Motion under 28 U.S.C. § 2255(f)(3) (ECF No. 60) and issues a certificate of appealability to allow for Tosi's appeal of this final order.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of September, 2016.